IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MELISSA B., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> COMMISSIONER § <br> OF SOCIAL SECURITY, § <br> § <br> Defendant. § | Case No. 4:24-cv-00856-BT |

## **MEMORANDUM OPINON AND ORDER**

Before the Court is Plaintiff Melissa B.'s[1] civil action under 42 U.S.C. § 405(g) seeking judicial review of a final adverse decision by the Commissioner of Social Security. For the reasons explained below, the Court REVERSES the decision and REMANDS the case to the Commissioner.

## **Background**

Plaintiff was born in 1976. Admin. R. 31 (ECF No. 8–1).[2] She has a high school education, training in dental assisting and medical assisting, is a certified nursing assistant, and has worked as a home attendant and secretary. Admin. R. 26, 31, 49. Plaintiff alleges that she is disabled due to a variety of physical and

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Citations to the record refer to the CM/ECF page numbers at the top of each page rather than page numbers at the bottom of each filing.

1

mental impairments, including spinal degenerative disc disease, herniations, cervical stenosis with radiculopathy, status post lumbar fusion, failed back syndrome/back problems, chronic pain syndrome, neuropathy in bilateral lower extremities, lupus, immune deficiency disorder, diverticulosis, coagulation defect, rheumatoid arthritis, migraines, neck problems, and depression. *See* Admin. R. 26, 46.

Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, alleging disability beginning January 9, 2022. Admin R. 21. Plaintiff's claims were denied initially and on reconsideration. Admin R. 21. She then filed a written request for a hearing, and an Administrative Law Judge (ALJ) held a telephone hearing on October 11, 2023. Admin R. 21. After hearing testimony from Plaintiff and a Vocational Expert (VE), the ALJ found Plaintiff was not disabled from her alleged onset date through September 30, 2022, her date last insured, and thus she was not entitled to disability benefits. Admin. R. 32.

At step one of the five-step sequential evaluation, the ALJ found that—although Plaintiff began working as a caregiver in May 2023—she had not engaged in substantial gainful activity from January 9, 2022, through September 30, 2022.[3]

---

[3] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of

Admin. R. 23. At the second step, the ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease of the cervical and lumbar spine; rheumatoid arthritis; fibromyalgia; status post right knee meniscus repair; and depression. Admin R. 24. At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment in appendix 1 of the social security regulations. Admin R. 24.

Before proceeding to the fourth step, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to

> perform sedentary work as defined in 20 CFR 404.1567(a) except she can frequently handle, finger, and feel with the bilateral upper extremities. She can occasionally climb ramps and stairs, stoop, balance, kneel, and crouch. She can never crawl or climb ladders, ropes, or scaffolds. She must avoid exposure to extreme cold, vibrating tools, and work at unprotected heights or around moving mechanical parts. She cannot drive as part job. She can understand, remember, and carry out detailed tasks.

Admin. R. 25–26.

Next, the ALJ found that Plaintiff was unable to perform any past relevant work. Admin. R. 31. And relying on the VE's testimony, the ALJ found that

---

the analysis; at the fifth step, the burden shifts to the ALJ to show that there is other substantial work in the national economy that the plaintiff can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

3

Plaintiff—through September 30, 2022—could perform other jobs that exist in significant numbers in the national economy, such as an order clerk and a small item inspector, as those jobs are described in the Dictionary of Occupational Titles (DOT). Admin. R. 32. Therefore, the ALJ found that, from January 9, 2022 through September 30, 2022, Plaintiff was not disabled as defined by the Social Security Act and was not entitled to benefits. Admin. R. 32.

The Appeals Council denied review. Pl.'s Br. 5 (ECF No. 9). Plaintiff then appealed the ALJ's decision directly to this Court. In two grounds, Plaintiff argues (1) the ALJ's mental RFC assessment is not supported by substantial evidence, and (2) the ALJ erred by failing to consider whether any mental limitations were required to accommodate her mild mental limitations. *See generally* Pl.'s Br.

## Legal Standard

Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and whether the proper legal standards were utilized. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. An "ALJ's decision is not subject to reversal,

4

even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)).

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

**Analysis**

On appeal, Plaintiff raises two arguments. First, she contends that the ALJ's mental RFC finding is not supported by substantial evidence because "the record does not clearly establish how [Plaintiff's] mental conditions impact her ability to perform work, and there are no medical opinions to serve as a foundation for the ALJ's decision." Pl.'s Br. 18. Second, she contends that the ALJ's decision "failed to explain why he omitted mental limitations from the RFC finding that correlated with [Plaintiff's] mild limitations [in] interacting with others, concentrating, persisting or maintaining pace, and adapting or managing oneself." *Id.* at 19. The second argument is dispositive and requires remand.

*Consideration of Plaintiff's Mild Mental Limitations*

When an ALJ determines a claimant's RFC, "the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 61 Fed. Reg. 34,474, 34,477 (July 2, 1996), 1996 WL 362207; *see* 20 C.F.R. § 404.1545(a)(2). "Courts within this district have found no legal error where an ALJ does not include mental limitations in a claimant's RFC so long as the ALJ considered the limiting effects and restrictions of all impairments in the RFC analysis, even those impairments that are non-severe." *Martha L. v. Saul*, 2021 WL 3610316, at *5 (N.D. Tex. July 27, 2021). When an ALJ finds mental limitations are credible at steps two and three but does not include any discussion of them at later steps, an ALJ must explain "why he omitted *any* mental limitations from the residual-functional-capacity

6

formulation." *Castillo v. Kijakazi*, 2022 WL 1152878, at *4 (W.D. Tex. Apr. 18, 2022); *Garcia v. Colvin*, 2017 WL 920750, at *11 (S.D. Tex. Jan. 18, 2017) (noting that the ALJ considered all alleged impairments and symptoms at step four).

Here, the ALJ conducted a mental functioning review using the psychiatric review technique (PRT) and found that Plaintiff had moderate limitation in understanding, remembering, or applying information; mild limitation in interacting with others; mild limitation in concentrating, persisting, or maintaining pace; and mild limitation in adapting or managing oneself. *See* Admin. R. 24–25. Ultimately, the ALJ determined that Plaintiff's mental limitations were non-severe. Admin. R. 24. "The ALJ's evaluation of mental limitations at this step, however, is 'not an RFC assessment but [is] used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process.'" *Joy C.-L. v. Comm'r, Soc. Sec. Admin.*, 2024 WL 3527855, at *4 (N.D. Tex. July 8, 2024) (citing SSR 96-8p, 1996 WL 374184, at *4), *adopted by*, 2024 WL 3529009 (N.D. Tex. July 24, 2024). And "[t]he subsequent mental RFC assessment requires a more detailed analysis in which the ALJ must consider a claimant's mental disorders and express them in terms of work-related functions." *Id.* (citing SSR 96-8p, 1996 WL 374184, at *4, 6)

In reaching the RFC, the ALJ found that Plaintiff could "understand, remember, and carry out detailed tasks." Admin. R. 26. In making this finding, the ALJ "accounted for [Plaintiff's] depression with memory deficits by limiting her to semiskilled work," and based this mental RFC on the "mental status examinations

7

findings, the conservative nature of her mental treatment, and her activities of daily living." Admin. R. 29. Specifically, the ALJ explained his consideration of Plaintiff's mental functioning as follows:

> [T]he claimant's mental symptoms have been well controlled with medication. In 2021, she was taking Sertraline for depression and anxiety as well as chronic pain, with fairly unremarkable mental status examinations findings noted throughout the year (Exhibit B1F/2, 5, 9, 12, 17). She continued to be treated with conservative care in 2022, with their being no recommendations for counseling or therapy. In October 2022, she reported memory problems and feeling more depressed, stating that she was forgetting names and was having word finding problems. She noted having significant stress at home carrying for her daughter, sister, and niece as well as having stressors at work (Exhibit B5F/5). On mental status examination, she was alert and cooperative with a sad affect. While her provider assessed that she had short-term memory loss, no objective findings of memory deficits were noted on examination. He however noted that the claimant's memory problems could be multifactorial, noting possible medication side effects and stress. He started the claimant on Cymbalta and instructed her to return in two months for reevaluation (Exhibit B5F/6-7). At a follow up in October 2022, the claimant reported that Cymbalta helped with her anxiety and depression. A mental status examination was notable for a sad affect; however, again, there were no objective findings suggesting memory or concentration issues (Exhibit B5F/12). Notably, her assessment did not include any memory impairment (Exhibit B5F/12-13).

Admin. R. 28–29. The ALJ explained he considered a third-party statement provided by Plaintiff's husband to find that Plaintiff "is able to perform light cleaning, meal preparation activities, drive, and shop in stores." Admin. R. 30. The record contains an October 2022 assessment from FNP Lyndi Armstrong, where she assessed Plaintiff as having no limitations in understanding, remember[ing], or applying information, but mild to moderate limitations in some areas of her ability to concentrate, persist, or maintain pace; adapt or manage oneself; and

8

interact with others. *See* Admin. R. 3 (ECF No. 8–2). Armstrong's assessment left blank the form's prompts to "describe the medical/clinical findings that support this assessment" for each section *Id*. The ALJ explained he found Armstrong's opinion unpersuasive because it is "not supported by an explanation and is not consistent with the medical records." Admin. R. 30.

Plaintiff argues that the ALJ failed to explain why limitations corresponding to the areas of mental functioning with mild limitations were not included in the RFC finding and that the error was not harmless. Reply 9. The Commissioner responds that the ALJ is not required to incorporate mental limitations into the RFC determination, *see* Comm'r's Br. 12, 13, but that is not what Plaintiff argues.

The Court agrees that the ALJ's decision does not adequately consider Plaintiff's mild mental limitations in his RFC determination. Specifically, the Court finds error with the fact that the ALJ's RFC analysis was silent as to the impact of those mild limitations on Plaintiff's work-related functions. *Regina T. v. Comm'r Soc. Sec. Admin.*, 2025 WL 510825, at *4 (N.D. Tex. Jan. 7, 2025), *adopted by*, 2025 WL 510109 (N.D. Tex. Feb. 14, 2025); *Gracie E. v. Comm'r, Soc. Sec. Admin.*, 2024 WL 1590155, at *4 (N.D. Tex. Feb. 8, 2024), *adopted in sealed order*, (ECF No. 22), Case No. 3:22-cv-2453-E-BT; *see also Melanie M. v. Comm'r, Soc. Sec. Admin.*, 2022 WL 3349231, at *4 (N.D. Tex. July 20, 2022), *adopted by*, 2022 WL 3349155 (N.D. Tex. Aug. 11, 2022) ("Although the ALJ stated he considered 'all symptoms' in making his RFC determination and referenced Plaintiff's mental health history, his RFC assessment is devoid of any discussion suggesting he

9

considered the impact of Plaintiff's mental impairments on her ability to perform light work"). While the ALJ acknowledged the existence of Plaintiff's mental limitations, "his decision does not reveal that such [limitations] received the consideration they were due with respect to how they affected Plaintiff's work-related functions." *Joy C.-L.*, 2024 WL 3527855, at *4 (citing cases). Merely discussing Plaintiff's symptoms, medication use, and mental status findings is not enough. The ALJ's failure to analyze or explain why he omitted Plaintiff's mild mental limitations from the RFC determination constitutes legal error. *See Audrey M.D. v. Comm'r Soc. Sec.*, 2022 WL 18356464, at *3 (N.D. Tex. Dec. 28, 2022) (after ALJ found plaintiff had mild limitations in concentrating, persisting, or maintaining pace and in adapting and managing oneself, "assessments of [p]laintiff's mental impairments [were] notably absent from the RFC discussion," constituting legal error requiring remand).

Furthermore, the ALJ's error was not harmless. The ALJ determined that Plaintiff is able to perform semiskilled work, "work where she can understand, remember, and carry out detailed tasks." Admin. R. 29. The ALJ acknowledged Plaintiff's mild to moderate limitations in all of the areas of mental functioning at step 2, but, in determining her RFC, only analyzed her moderate limitation in understanding, remembering, or applying information when determining what work she can do. The ALJ's RFC determination may have been different had he considered the mild mental impairments Plaintiff faces in the other areas of mental functioning, and this could have affected the jobs identified at step five of the

10

sequential analysis. *Gonzales v. Berryhill*, 2017 WL 3492215, at *7 (N.D. Tex. Aug. 15, 2017) (citing *Kneeland v. Berryhill*, 850 F.3d 749, 761–62 (5th Cir. 2017)). This omission makes it impossible to know "whether the ALJ adequately considered certain limitations or not." *Castillo*, 2022 WL 1152878, at *5 (citing *Gonzales*, 2017 WL 3492215, at *6). Even slight mental limitations may have affected the ability to perform the other jobs identified. Because the ALJ did not consider the mild mental limitations of interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself, the ALJ's lack of substantial evidence may affect the RFC determination. *See Gonzales*, 2017 WL 3492215, at *6.

## Conclusion

For these reasons, the final decision of the Commissioner is REVERSED and REMANDED.

**SO ORDERED**.

September 4, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE